UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RENAE CARTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. CARTER, et al.,<br><br>　　　　　Defendants. | No.  2:25-cv-01557 CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

　　　　Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

## II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**III. DISCUSSION**

    Named as defendants are D. Henry, B. Yang, T. McCoard and M. Liddell, against whom plaintiff seeks money damages.  (ECF No. 1 at 2, 6.)  Plaintiff's complaint form does not include plaintiff's claims against defendants.  Instead, plaintiff's complaint form refers to exhibits attached to the complaint.  (Id. at 3.)  Attached to the complaint form as exhibits are documents related to an administrative grievance, a government claim form, and operational procedures at California State Prison-Sacramento ("CSP-Sac").  (Id. at 7-22.)  Plaintiff may not rely solely on exhibits attached to his complaint form to state his claims.  Plaintiff's claims against defendants must be contained in the body of his complaint form.  For this reason, plaintiff's complaint is dismissed with leave to amend.  In the amended complaint, plaintiff must identify his legal claim and provide supporting facts in the body of the amended complaint form.

    It appears that plaintiff intends to raise claims pursuant to the Americans with Disabilities Act ("ADA").  This Court provides plaintiff with the legal standards for an ADA claim.

    Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability.  42 U.S.C. §§ 12131, et seq.  To state a claim of disability discrimination under Title II of the ADA, a plaintiff must plausibly allege that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability.  See McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

1    State prisons are public entities subject to the ADA.  See Pennsylvania Department of
Corrections v. Yeskey, 524 U.S. 206, 209 (1998).  Title II of the ADA also authorizes suits
against state officials in their official capacities.  See Daniel v. Levin, 172 F.App'x 147, 149 (9th
Cir. 2006) (citing Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 791-92 (9th Cir. 2004)
(abrogated on other grounds by Kohn v. State Bar of California, 119 F.4th 693 (9th Cir. 2024)).
Plaintiff cannot state a claim under Title II of the ADA against state officials in their individual
capacities.  See Stewart v. Unknown Parties, 483 F.App'x 374, 374 (9th Cir. 2012) (citing Lovell
v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002)).

To be entitled to compensatory damages under the ADA, plaintiff must show the alleged discrimination was the result of deliberate indifference, which can be shown by alleging facts showing that plaintiff notified defendants of his need for accommodation and that the defendants' failure to act was "more than negligent, and involve[d] an element of deliberateness."  Duvall v. County of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (citations omitted).

**IV.  CONCLUSION**

If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

  3. Plaintiff's complaint is dismissed.

  4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 24, 2025

                _____
                CHI SOO KIM
                UNITED STATES MAGISTRATE JUDGE

Cart1557.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| FREDERICK RENAE CARTER, | No. 2:25-cv-01557 CSK P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| D. HENRY, et al., | |
| Defendants. | |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐ Amended Complaint
(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff