UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RENAE CARTER,<br>Plaintiff,<br>v.<br>D. HENRY, et al.,<br>Defendants. | No. 2:25-cv-1557 CSK P<br><br>ORDER |

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 19.) Plaintiff did not file an opposition to defendants' motion to dismiss. (See Docket.) For the following reasons, defendants' motion is granted with leave to amend.

**I. LEGAL STANDARDS GOVERNING MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive

dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Bell Atlantic Corp., 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. DISCUSSION

On May 29, 2026, this Court ordered that this case proceed on plaintiff's amended complaint (ECF No. 10) against defendants California State Prison-Sacramento ("CSP-Sac") Correctional Officers Yang and Henry and CSP-Sac Correctional Sergeants McCoard and Liddell for violating the Eighth Amendment and Americans with Disabilities Act ("ADA") when defendants allegedly denied plaintiff access to the ADA elevator. (ECF No. 13.)

In the pending motion, defendants move to dismiss plaintiff's Eighth Amendment claim as barred by the Eleventh Amendment because the amended complaint names defendants in their official capacities in the discussion of the Eighth Amendment claim. (ECF No. 19 at 4-6.) Defendants are correct that in the discussion of his Eighth Amendment claim, plaintiff states that he is suing defendants in their official capacities. (ECF No. 10 at 5.) As relief, plaintiff seeks money damages. (Id. at 8.)

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, it does not bar a suit for damages against state officials in their personal capacities. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

This Court finds that plaintiff's Eighth Amendment claim for damages against defendants in their official capacities is barred by the Eleventh Amendment. For this reason, defendants'

motion to dismiss plaintiff's Eighth Amendment claim is granted. Because plaintiff may file a second amended complaint naming defendants in their individual capacities as to his Eighth Amendment claim, plaintiff is granted thirty days to file a second amended complaint curing this pleading defect. If plaintiff does not file a second amended complaint within thirty days, defendants shall file a response to the ADA claim raised in the amended complaint within forty-five days from the date of this order.[1]

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss plaintiff's Eighth Amendment claim (ECF No. 19) is granted.

2. Plaintiff is granted thirty days from the date of this order to file a second amended complaint; defendants shall not respond to the second amended complaint until ordered by the court; if plaintiff does not file a second amended complaint within thirty days, defendants shall file a response to the ADA claim raised in the amended complaint within forty-five days from the

[1] The Eleventh Amendment does not bar plaintiff's ADA claim against defendants in their official capacities. See United States v. Georgia, 546 U.S. 151, 153, 159 (2006) (holding that Title II of the ADA validly abrogates Eleventh Amendment immunity for states for conduct that violates the Fourteenth Amendment); Becker v. Oregon, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001) ("Although individual defendants may not be sued in their individual capacities under Title II of the ADA, they may be sued in their official capacities because suing an individual in his official capacity is treated the same as suing the entity itself.").

date of this order.

Dated: September 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cart1557.mtd/2