UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RENAE CARTER,<br>Plaintiff,<br>v.<br>D. HENRY, et al.,<br>Defendants. | No. 2:25-cv-1557 CSK P<br><br>ORDER |

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

**I. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR EXTENSION OF TIME (ECF No. 21)**

On September 22, 2026, this Court granted defendants' motion to dismiss plaintiff's Eighth Amendment claim and granted plaintiff thirty days to file a second amended complaint. (ECF No. 20.) This Court further ordered that if plaintiff did not file a second amended complaint within thirty days, defendants shall file a response to the Americans with Disabilities Act ("ADA") claim raised in the first amended complaint within forty-five days from the date of the order. (Id.)

In the pending motion for extension of time, plaintiff requests a sixty day extension of time to file a second amended complaint. Good cause appearing, plaintiff's motion for extension

of time is granted. In the Notice of Election form attached to this order, which plaintiff must return to the court, plaintiff is granted the option to either file a second amended complaint or to proceed on the ADA claim raised in the first amended complaint. Defendants shall not file a response to a second amended complaint or the first amended complaint until ordered by the Court.

Plaintiff requests appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent an indigent party in a civil case. However, the appointment of counsel is not a constitutional right, and the Court cannot require an attorney to represent a party. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. Rand, 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has reviewed the record in this case and, at this time, the Court is unable to make a determination that plaintiff is likely to succeed on the merits of his claims. For this reason, plaintiff's motion for appointment of counsel is denied without prejudice.

## II. DEFENDANTS' MOTION TO VACATE DEADLINE TO FILE A RESPONSE TO FIRST AMENDED COMPLAINT (ECF No. 22)

As stated above, on September 22, 2026, this Court ordered defendants to file a response to the first amended complaint within forty-five days if plaintiff did not file a second amended complaint. (ECF No. 20.) Based on plaintiff's pending motion for extension of time to file a second amended complaint, defendants request that the deadline to file a response to the first amended complaint be vacated. (ECF No. 22.) Good cause appearing, defendants' motion to vacate the deadline to respond to the first amended complaint is granted.

## III. PLAINTIFF'S NEW ADDRESS

Plaintiff's motion for appointment of counsel and motion for extension of time identifies a

new address for plaintiff. (ECF No. 21 at 2.) This Court below directs the Clerk of the Court to amend court records to reflect plaintiff's new address.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 21) is denied without prejudice.

2. Plaintiff's motion for an extension of time to file a second amended complaint (ECF No. 21) is granted. Plaintiff is granted sixty days from the date of this order to file a second amended complaint. Defendants shall not respond to the second amended complaint, or first amended complaint if plaintiff opts to proceed on the first amended complaint, until ordered by the Court.

3. Within sixty days from the date of this order, plaintiff shall complete the attached Notice of Election Form and submit the following documents to the court:

a. The completed Notice of Election form; and

b. An original of the Second Amended Complaint.

If plaintiff chooses to proceed on solely the ADA claim raised in the first amended complaint rather than to file a second amended complaint, plaintiff shall indicate on the attached form. Failure to comply with this order will result in a recommendation that this action be dismissed.

4. Defendants' motion to vacate the deadline to file a response to plaintiff's first amended complaint (ECF No. 22) is granted.

5. The Clerk of the Court is directed to amend court records to reflect plaintiff's current address as identified in plaintiff's motions for appointment of counsel and for extension of time filed October 26, 2026: Frederick Renae Carter, 45500 Verba Santa Drive, Palm Desert, California, 92260.

Dated: November 9, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cart1557.31/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RENAE CARTER,<br>Plaintiff,<br>v.<br>D. HENRY, et al.,<br>Defendants. | No. 2:25-cv-1557 CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_______ Plaintiff opts to proceed with his ADA claim raised in the first amended complaint. Under this option, plaintiff opts to not file a second amended complaint.

**OR**

______ Plaintiff opts to file a second amended complaint.

DATED:

______________________________
Plaintiff